USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/13/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Meet Recruitment Inc.,<br><br>                              Plaintiff,<br><br>      -against-<br><br>Neuro42, Inc.,<br><br>                              Defendant. | 1:25-cv-00782 (SDA)<br><br>**OPINION AND ORDER** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Pending before the Court is a motion by Defendant Neuro42, Inc. ("Defendant" or "Neuro42"), pursuant to the common law doctrine of forum non conveniens, to dismiss the Complaint of Plaintiff Meet Recruitment Inc. ("Plaintiff" or "Meet") or, in the alternative, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the First and Third Causes of Action of the Complaint. (Def.'s Mot., ECF No. 16; Def.'s Mem., ECF No. 16-1.) For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND

Meet brings this action to recover payment for services rendered to Neuro42, pursuant to an Agreement dated February 23, 2024 (the "Agreement"). (Compl., ECF No. 1, ¶ 1.) The Complaint contains three causes of action: account stated (First Cause of Action); breach of contract (Second Cause of Action); and unjust enrichment (Third Cause of Action). (*Id*. ¶¶ 21-41.) The Agreement provides in Section 8, entitled, "Law & Jurisdiction," as follows: "8.1 These terms shall be construed in accordance with the laws of the State of New York and the parties submit to the exclusive authority of the jurisdiction of the courts of the State of New York." (Agmt., Ex. A to Batra Aff., ECF No. 16-3, at PDF p. 4.)

1

Neuro42 moves to dismiss the action, pursuant to the common law doctrine of forum non conveniens, based upon Section 8 of the Agreement, arguing that any action must be brought in the courts of the State of New York—that is, in New York state court, and not in a federal court that is based in New York.[1] (*See* Def.'s Mem. at 2-4.)

## DISCUSSION

**I.    Legal Standards**

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."[2] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). A "four-part analysis" determines "whether to dismiss a claim based on a forum selection clause." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). Courts first ask, in order, whether: (1) "the clause was reasonably communicated to the party resisting enforcement;" (2) the clause is "mandatory or permissive;" and (3) "the claims and parties involved in the suit are subject to the forum selection clause." *Id*. Where the

---

[1] In the alternative, Neuro42 seeks dismissal of the First and Third Causes of Action, arguing that they are duplicative of the Second Cause of Action. (*See* Def.'s Mem. at 4-6.) Because the Court finds that this action should be dismissed without prejudice based upon the doctrine of forum non conveniens, the Court does not reach Defendant's partial motion to dismiss.

[2] When determining whether to dismiss a matter on forum non conveniens grounds in a case that does not involve a forum selection clause, a district court must assess "(1) the deference to be accorded the plaintiff's choice of forum; (2) the adequacy of the alternative forum proposed by the defendants; and (3) the balance between the private and public interests implicated in the choice of forum." *Fasano v. Yu Yu*, 921 F.3d 333, 335 (2d Cir. 2019) (citing *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005)). Unless it would be unnecessarily burdensome for the defendant or the court, "the plaintiff's choice of forum should rarely be disturbed." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 70 (2d Cir. 2001) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). "Where the parties have contractually selected a forum, however, the forum selection clause substantially modifies the *forum non conveniens* doctrine." *Yu Yu*, 921 F.3d at 335 (cleaned up). The "usual tilt in favor of the plaintiff's choice of forum gives way to a presumption in favor of the contractually selected forum." *Martinez v. Bloomberg LP*, 740 F.3d 211, 218 (2d Cir. 2014) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 6, 15 (1972)).

first three requirements are met, the clause "is presumptively enforceable." *Id*. Courts then ask: (4) "whether the resisting party has rebutted the presumption of enforceability." *Id*. at 383–84.

"A decision to grant or deny a motion to dismiss a cause of action under the doctrine of *forum non conveniens* lies wholly within the broad discretion of the district court." *Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC*, 81 F.3d 1224, 1232 (2d Cir. 1996).

II. **Application**

As an initial matter, the contractual clause at issue in this action provides that "the parties submit to the exclusive authority of the jurisdiction *of* the courts of the State of New York." (Agmt. at PDF p. 4 (emphasis supplied).) Under the "widely-accepted rule" noted by the Second Circuit, forum selection clauses using the term "in a state" reference "both the state and federal courts of the named state." *Rabinowitz v. Kelman*, 75 F.4th 73, 84 (2d Cir. 2023). However, clauses that use the term "of a state" limit jurisdiction to only the state courts. *See id*.; *accord Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) ("Federal district courts may be in [a state], but they are not of [the state]."). Under the contractual clause at issue here (*i.e.*, referring to "jurisdiction of the courts of the State of New York" (Agmt. at PDF p. 4), jurisdiction is limited to New York state court. Thus, the Court next turns to the Circuit's "four-part analysis" to determine "whether to dismiss [this action] based on [the] forum selection clause." *Phillips*, 494 F.3d at 383.

On the first question, the clause providing that "parties submit to the exclusive authority of the jurisdiction of the courts of the State of New York" (Agmt. at PDF p. 4) is contained in Plaintiff's own document. The Agreement has at the top of each page Plaintiff's logo and the bottom of each page contains Plaintiff's company name and address. (*See id*. at PDF pp. 2-4.) Thus, the clause plainly was reasonably communicated to Plaintiff.

On the second question, the clause is mandatory. Mandatory forum selection clauses "require that disputes must be brought in the designated forum, to the exclusion of all other fora where jurisdiction may also lie." *Glob. Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011). "A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *Phillips*, 494 F.3d at 386. Here, the clause states that "the parties submit to the exclusive authority of the jurisdiction of the courts of the State of New York" (Agmt. at PDF p. 4), which reflects obligatory venue language.

On the third question, the claims and parties involved in this action are subject to the forum selection clause since Plaintiff brought this action to recover payment for services rendered to Defendant pursuant to the Agreement that contains the clause. (*See* Compl. ¶ 1; *see also* Agmt. at PDF p. 4.) On the fourth question, Plaintiff has not even sought to rebut the presumption of enforceability. (*See generally* Pl.'s 5/7/25 Mem., ECF No. 24.) Thus, under controlling Second Circuit precedent, this action should be dismissed on forum non conveniens grounds.

Plaintiff seeks to avoid dismissal by arguing that the contractual clause at issue here "simply . . . confirm[s] the parties' submission to personal jurisdiction in this state." (*See* Pl.'s 5/7/24 Mem. at 4.) Not so. The clause here states that "the parties submit to the exclusive authority of the jurisdiction of the courts of the State of New York." (Agmt. at PDF p. 4.) This language plainly reflects that New York state courts are the exclusive forums in which an action under the Agreement can be brought. Thus, this case presents a common scenario where the parties have "consent[ed] to personal jurisdiction" in New York through "through [the] forum-selection clause[] in [the Agreement]." *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir.

2006) (citation omitted) (finding that clause stating that investors "consent[ed] to the jurisdiction of the state and federal courts in the City of New York for the purpose of . . . enforcing any award of arbitrators" to be forum selection clause).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and this case is dismissed without prejudice. The Clerk of Court respectfully is requested to close the case.

**SO ORDERED.**

Dated:   New York, New York
         June 13, 2025

_____
STEWART D. AARON
United States Magistrate Judge